# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ELIZABETH SPIVEY-JOHNSON,**

    **Plaintiff,**

 vs.           **Case No. 05-C-899[1]**

**THOMAS R. PENDERGAST,**

    **Defendant.**

---

**ELIZABETH SPIVEY-JOHNSON,**

    **Plaintiff,**

 vs.          **Case No. 05-C-960**

**BARRY J. BOOK,**

    **Defendant.**

---

**ELIZABETH SPIVEY-JOHNSON,**

    **Plaintiff,**

 vs.          **Case No. 05-C-961**

**KAREN DARBY,**

    **Defendant.**

---

[1] These actions are addressed in a single decision, but these actions have not been consolidated. When referred to separately, they will be referred to by number; e.g, "the 05-C-899 action."

## **DECISION AND ORDER**

*Pro se* plaintiff Elizabeth J. Spivey-Johnson ("Spivey-Johnson") (known as Elizabeth Pendergast, when she was married to Thomas R. Pendergast ("T. Pendergast") and for a time thereafter), brings these three actions against three defendants – T. Pendergast, Barry J. Book ("Book"), and Karen D. Dardy ("Dardy"). She has named one defendant in each action.

Spivey-Johnson seeks leave to proceed *in forma pauperis* ("IFP") and has filed motions for appointment of counsel in all three actions. Also, pending in the 05-C-0899 action are two motions to amend the complaint and two motions for orders to include documents. All three actions must be dismissed for lack of subject matter jurisdiction. Additionally, because these three actions are frivolous – asserting claims over which the Court has twice ruled it lacks subject matter jurisdiction – the Court will also restrict Spivey-Johnson's ability to file additional actions in this federal district court.

This year, this Court addressed motions for leave to proceed *in forma pauperis* in eleven other actions filed by Spivey-Johnson.[2] The Court is obliged to give Spivey-Johnson's *pro se* allegations, however unartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

---

[2] These actions are the 05-C-0051 action (IFP granted in part); 05-C-0070 action (IFP granted in part); 05-C-0072 (IFP Dismissed-lack of subject matter jurisdiction ); 05-C-0074 (IFP Dismissed-lack of subject matter jurisdiction); 05-C-0080 (2nd amended IFP pending); 05-C-0081 (2nd amended IFP pending); 05-C-0082 (2nd amended IFP pending); 05-C-0086 (2nd amended IFP pending); 05-C-0087 (2nd amended IFP pending); 05-C-140 (IFP Dismissed-lack of subject matter jurisdiction); 05-C-0141 (IFP Dismissed-lack of subject matter jurisdiction).

The three current actions have a common factual core – they relate to a divorce action filed on October 16, 2003, in the Milwaukee County, Wisconsin Circuit Court by Spivey-Johnson against T. Pendergast. In the 05-C-899 action, Spivey-Johnson states T. Pendergast committed perjury during the course of their divorce proceedings and withheld relevant information from the state divorce court. She also states T. Pendergast lied to Darby, his divorce attorney, and to another attorney, Thomas Awen, whom T. Pendergast retained to collect a default judgment.

In the 05-C-0690 action, she states that Book, her attorney in the state court divorce action, withheld relevant information from the divorce court, never disclosed to the divorce court that she was mentally disabled and sick and failed to challenge certain matters and representations made by T. Pendergast to the divorce court. She also asserts that Book committed legal malpractice from the time she retained him until she discharged him as her lawyer.

In the 05-C-0691 action, Spivey-Johnson states that Dardy has consistently assisted T. Pendergast in causing her financial hardship and mental anguish. Spivey-Johnson lists 17 instances of allegedly unethical behavior by Darby.

The allegations in these three actions are similar to those addressed in the 05-C-72 action (T. Pendergast, Book and Dardy were defendants). The 05-C-0072 action was dismissed for lack of subject matter jurisdiction. *See Pendergast v. Darby*, No. 05-C-0072, Decision and Order (E.D. Wis. Feb. 3, 2005). Analogous allegations against T. Pendergast, Book and Darby, were also addressed, and dismissed for lack of subject matter jurisdiction in the 05-C-0140

−3−
Case 2:05-cv-00899-RTR     Filed 09/12/05     Page 3 of 7     Document 12

action. *See Pendergast v. Haskin & Book Law Firm*, No. 05-C-0140, Decision and Order, ( E.D. Wis. May 2, 2005).

As the Court previously ruled, unlike state courts which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *See Baker v. Kingsley*, 387 F.3d 649, 656 (7th Cir. 2004). They may entertain cases only where jurisdiction is authorized by the Constitution or by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Thus, the federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prod. Co.*, 211 F.3d 445, 447-48 (7th Cir. 2000) (quotation and internal marks omitted). "The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986).

The Court's jurisdiction may be invoked under 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It may also be invoked under 28 U.S.C. § 1332, which establishes the Court's jurisdiction in matters of diversity jurisdiction. In order for diversity jurisdiction to lie with the federal courts, two requirements must be met: (1) there must be complete diversity of citizenship between all plaintiffs and all defendants; and, (2) "the proper amount in controversy" (currently $75,000) must be sufficiently alleged. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000).

Spivey-Johnson, a citizen of Wisconsin, brings these actions against three defendants who are also fellow citizens of Wisconsin. Because Spivey-Johnson and each of the

-4-

defendants are citizens of the same state, the Court does not have diversity jurisdiction. Furthermore, despite liberally construing the factual statements and allegations in her complaint, Spivey-Johnson has not alleged an arguable claim for relief which arises under the federal statutes or the Constitution. Therefore, these actions are dismissed for lack of subject matter jurisdiction. Since the Court lacks subject matter jurisdiction over this action, Spivey-Johnson's request for leave to proceed *in forma pauperis*, motions for appointment of counsel, and her motions to amend her complaint and add evidence are dismissed.

Furthermore, as previously stated, the three current actions reiterate claims dismissed on two separate occasions for the same reasons. *See Pendergast v. Darby*, No. 05-C-0072 (E.D. Wis. Feb. 3, 2005); *See Pendergast v. Haskin & Book Law Firm*, No. 05-C-0140 ( E.D. Wis. May 2, 2005). While the doors of the courthouse are generally open to all, the filings of those who abuse the system and clog the courts with abusive and frivolous actions must be curbed. *See Support Systems Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). This Court is not a court of appeals for a party dissatisfied with the outcome of state proceedings. Nor is it a tool to be used by a litigant dissatisfied with results in another forum.

According to her complaints, Spivey-Johnson's life has changed since she filed for divorce — and Spivey-Johnson believes she has been wronged by those she names as defendants – but, there are limitations on her avenues of legal recourse. Twice, she has been turned away on these same claims. Repetition of the claims does not change the constitutional and statutory limitations on this Court's subject matter jurisdiction.

–5–
Case 2:05-cv-00899-RTR   Filed 09/12/05   Page 5 of 7   Document 12

Given the frequency of Spivey-Johnson's lawsuits and the overlapping nature of her filings, Spivey-Johnson has established herself as a serial filer of spurious litigation, which this Court has ample authority to curb. *See Homala v. McNamara*, 59 F.3d 647, 649 (7th Cir. 1995); *Support Systems Int'l, Inc.*, 45 F.3d at 186. The imposition of sanctions must be tailored to the situation. *Id*. Monetary sanctions are the usual recourse. *See Homala*, 59 F.3d at 659. But, given Spivey-Johnson's precarious financial situation, imposition of monetary sanctions would be imprudent.

Having considered the circumstances, this Court will direct that the Clerk of Court return unfiled any additional complaints or any other documents to commence lawsuits that Spivey-Johnson attempts to file, except for any petitions for a writ of habeas corpus, until her pending lawsuits – Case Nos. 05-C-0051; 05-C-0070; 05-C-0080; 05-C-0081; 05-C-0082; 05-C-0086; 05-C-0087 – have been resolved by this Court. *See Id.* However, if the bar is still in effect as of October 12, 2007, Spivey-Johnson may move the Court no earlier than that date to rescind the bar. *Id.* This order applies only to the filing of **new** actions by Spivey-Johnson in this federal district court.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The 05-C-899, 05-C-860, 05-C-861 actions are **DISMISSED** for lack of subject matter jurisdiction;

2. Spivey-Johnson's request for leave to proceed *in forma pauperis* (Docket No. 2), motion for appointment of counsel (Docket No. 3), and her motions to amend the

complaints (Docket No. 4 and Docket No. 5) and include documents (Docket No. 7 and Docket No. 8) are **DISMISSED**; and,

      3.      Spivey-Johnson's request for leave to proceed *in forma pauperis* (Docket No.2) and motion for appointment of counsel (Docket No. 3) are **DISMISSED**; and,

      4.      Spivey-Johnson's request for leave to proceed *in forma pauperis* (Docket No. 2) and motions for appointment of counsel (Docket No. 3) are **DISMISSED**; and,

      5.      The Clerk of Court **SHALL** return unfiled any additional complaints or any other documents to commence lawsuits that Spivey-Johnson attempts to file, except for any petitions for a writ of habeas corpus, until her pending lawsuits – Case Nos. 05-C-0051; Case No. 05-C-0070; Case No. 05-C-0080; Case No. 05-C-0081; Case No. 05-C- 0082; Case No. 05-C-0086; and Case No. 05-C-0087 – have been resolved by this Court.

      6.      If this bar is still in effect as of October 12, 2007, Spivey-Johnson may move the Court no earlier than October 12, 2007, to rescind the bar.

      7.      The Clerk of Court **SHALL** enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 12th day of September, 2005.

      **BY THE COURT**

      **s/ Rudolph T. Randa**

      **Hon. Rudolph T. Randa**
      **Chief Judge**